IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:18-cr-118** |
| | : | |
| v. | : | |
| | : | |
| **DEANGELO LETTERLOUGH** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Before the court is a *Nunc Pro Tunc* Motion to Reconsider Suppression Ruling Due to After-Discovered Evidence. (Doc. 52.)[1] The basis for this request is that after-discovered evidence would contradict the testimony of police officers who stopped Defendant Deangelo Letterlough's vehicle for failure to use his turn signature when moving his car from a parked position to the road.

On June 29, 2018, Letterlough filed a Motion to Suppress Evidence gathered from the traffic stop of his automobile together with a brief in support. (Docs. 21-22.) A suppression hearing was held on August 29, 2018, and the motion to suppress was denied by memorandum and order on October 23, 2018. (Docs. 36-37.) In his *Nunc Pro Tunc* motion, defense counsel states that following the suppression hearing, on September 5, 2018, he was provided additional discovery, which included an ATF report from Agent Michael O'Donnell. (Doc. 52, ¶ 5.) The ATF

---

[1] Letterlough has also filed a Motion to File *Nunc Pro Tunc* Motion to Reconsider Suppression Ruling Due to After-Discovered Evidence. (Doc. 51.) Because the court is considering the Motion to Reconsider on the merits, the court will grant Letterlough's motion to file the *Nunc Pro Tunc* motion.

report reveals that there was video surveillance of the area where Letterlough parked his car. (*Id.* at ¶ 6.) After Letterlough's arrest, the video was copied to a CD and flash drive. (*Id.* at ¶ 8.) On July 27, 2018, Agent O'Donnell went to retrieve the video and found that the flash drive contained no evidence. (*Id.* at ¶ 9) He then went to retrieve the underlying CD and found that it had been scratched and is unreadable. (*Id.* at ¶ 10)

In the instant motion, defense counsel argues that, "[i]t is believed that the video would have shown Mr. Letterlough parking his car, going up to the house of the target, returning to his car and then using his turn signal before leaving the parking spot. This evidence would directly contradict the testimony of police at the suppression hearing." (*Id.* at ¶¶ 11-12.)

However, the ATF report does not support this assertion. (*See* Doc. 54, ¶ 2.) Instead, the ATF report states: "The video only showed the intended target of that days controlled purchase as well as Deangelo Letterlough . . . . In the video, Letterlough can be seen accessing the front door to the residence and then *moves out of view*." (*Id.* (emphasis added).) Thus, the report fails to substantiate Letterlough's claim that his vehicle would have been shown in the video.

Furthermore, since this "after-discovered evidence" was provided to defense counsel on September 5, 2018, a motion to supplement the motion to suppress should

have been filed between September 5, 2018, and October 23, 2018 – the date of the court's ruling.

Accordingly, the *Nunc Pro Tunc* Motion to Reconsider will be denied.


                                                      s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: March 20, 2019