IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:18-118 |
| | : | |
| v. | : | |
| | : | |
| **DEANGELO LETTERLOUGH** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is Defendant DeAngelo Letterlough's ("Defendant") second motion to reconsider this court's prior order denying his motion to suppress evidence resulting from an allegedly illegal stop of Defendant's vehicle. Specifically, Defendant argues that a police report that was not originally disclosed to counsel during discovery demonstrates that the traffic stop that justified the search of Defendant's vehicle was invalid. For the reasons that follow, Defendant's motion will be denied.

### **I.    Background**

The background of this matter was set forth in detail in this court's prior memorandum dated October 23, 2018 (Doc. 38,) and need not be reiterated here in detail. The relevant factual background to dispose of Defendant's motion for reconsideration is as follows: On April 4, 2018, Defendant was charged via indictment with three offenses: (1) possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(l); (2) felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g); and (3) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Defendant pleaded not guilty to all charges on April 10, 2018. On June 29, 2018, Defendant filed a motion to suppress, and an evidentiary hearing thereon was held on August 29, 2018. At the evidentiary hearing, two witnesses were presented: Officer Chad McGowan, the officer who conducted the allegedly illegal search, and Defendant. Upon consideration of that testimony, this court denied the motion to suppress. (Doc. 39.)

On November 21, 2017, Officer McGowan, a member of the Harrisburg City Police Department ("HPD"), was participating in a joint investigation in the city of Harrisburg with the Pennsylvania Attorney General Office's Bureau of Narcotics, the Dauphin County Sheriff's Office, and the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). The investigation team was executing an arrest warrant on an individual suspected of drug trafficking. That same day, Defendant happened to be driving down the street where the investigation team was conducting surveillance and pulled his car to the side of the road to speak with an old friend that he saw walking down the street. Officer McGowan testified that Defendant left the parking space without signaling, although Defendant testified that he did signal before entering traffic. After identifying Defendant's vehicle

travelling in the opposite direction on South 13th Street, Officer McGowan pulled, head-on, in front of Defendant's vehicle.

After a brief altercation, officers performed a search of Defendant and the vehicle, which resulted in the discovery of, *inter alia*, sandwich baggies filled with marijuana. At this point, the officers placed Defendant under arrest. Officer McGowan issued Defendant a traffic citation pursuant to 75 Pa. Code § 3334 for pulling out of a parking space without signaling. Defendant argues now, as he did in his original motion to suppress, that Officer McGowan had no basis to stop, search, and, eventually, arrest Defendant because he did not witness Defendant commit any traffic violations that would have justified the initial traffic stop.

## II. Discussion

The Fourth Amendment protects citizens from "unreasonable searches and seizures" of their "persons, houses, papers, and effects." U.S. Const. Amend. IV; *Katz v. United States*, 389 U.S. 347, 360 (1967). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). "It is well-established that a traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations." *United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997). The Third Circuit has explained the permissive standard under which an officer may

3

stop and search a vehicle when the officer has a reasonable suspicion of a traffic violation:

> When one peruses the traffic-stop suppression caselaw, one is struck by how rarely a traffic stop is found to have been illegal. In *Whren v. United States*, 517 U.S. 806 [] (1996), the Supreme Court established a bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime. And once a car has been legally stopped, the police may "escalate" the encounter by visually inspecting the interior of the car, and checking credentials and asking questions of the occupants. . . . Courts give considerable deference to police officers' determinations of reasonable suspicion . . . and the cases are steadily increasing the constitutional latitude of the police to pull over vehicles.

*United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006) (internal citation omitted); *see also United States v. Smith*, No. 18-cr-93, 2018 WL 4207152, *2 (E.D. Pa. Sept. 4, 2018) ("Therefore, Officer['s] stop—even if based on the ulterior motive of finding a suspected shooter—was reasonable under the Fourth Amendment."). As discussed in this court's prior memorandum, the only relevant issue is whether Officer McGowan had a reason, pretextual or not, to initiate the traffic stop.

Defendant now argues that a police report issued by another officer at the scene of the traffic stop, Sergeant Meik, directly contradicts and refutes the testimony of Officer McGowan. The relevant portion of Sergeant Meik's report is as follows:

4

> At 1559 hours, the take down units were radioed to go ahead for the take down. I traveled north on Honey Street and then cut east towards Evergreen Street. As I moved towards the location where Pearsall-Hawkins was being taken into custody, I heard radio communication mention a blue in color Honda CRV that Pearsall-Hawkins met with prior to the delivery of the narcotics. This vehicle, which was later learned to be a 2006 blue Honda CRV bearing Pennsylvania registration "JCP-9304" pulled away from the curb and started to travel northbound on Evergreen Street. I immediately noticed this vehicle as it approached Chestnut Street. I then heard radio communication state the vehicle was believed to be his supplier. I radioed back to the other units to make sure they wanted me to stop this vehicle based on furthering this drug investigation, which the answer was they did want the vehicle stopped.

(Doc. 60, Ex. A.) Defendant argues that Sergeant Meik's failure to mention the traffic violation directly refutes Officer McGowan's testimony that he witnessed Defendant commit a traffic violation. Specifically, Defendant points to the phrase "to make sure they wanted me to stop this vehicle *based on furthering this drug investigation*" as evidence that the stop was unlawful. The court rejects this analysis.

As discussed in *Mosley*, it is irrelevant what the officers' internal motivations for conducting the traffic stop may have been. Even if the true reason for the stop was "furthering this drug investigation," that alone does not invalidate the traffic stop. Officer Meik's statement did not mention the traffic violation, but it did not need to do so. Officer Meik did not witness the violation and had no need to record it in his report. Moreover, he had no need to know that such a violation even occurred. Pursuant to the analysis set forth in *Mosley*, so long as a

5

violation actually occurred, the traffic stop based on that violation was proper. *See Mosley*, 454 F.3d at 252; *Smith*, 2018 WL 4207152 at *2. The court previously found that Officer McGowan witnessed a traffic violation and pursued Defendant on that theory. The court made no findings as to any ulterior motives he may have had, nor does the court need to do so. Officer McGowan credibly testified that a violation that warranted a traffic stop did occur and the court's inquiry in the instant case need look no further. Accordingly, the traffic stop and the subsequent search were valid, and Defendant's motion to suppress was properly denied.

### III. Conclusion

For the reasons set forth above, the traffic stop and subsequent search performed by Officer McGowan did not violate the Fourth Amendment protection against unreasonable searches and seizures. Accordingly, Defendant's motion for reconsideration will be denied.

An appropriate order follows.

      s/*Sylvia H. Rambo*
      SYLVIA H. RAMBO
      United States District Judge

Dated: June 27, 2019